IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-12-D
No. 5:16-CV-230-D

| | |
|---|---|
| ANDREW JACKSON WALTERS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On May 4, 2016, Andrew Jackson Walters ("Walters") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 84-month sentence [D.E. 71]. On July 13, 2016, the government moved to dismiss Walters's section 2255 motion [D.E. 75] and filed a memorandum in support [D.E. 76]. On August 10, 2016, Walters responded in opposition [D.E. 78]. On March 24, 2017, Walters submitted a conditional claim for unreasonable delay, which the clerk docketed as a motion to expedite [D.E. 79]. As explained below, the court grants the government's motion to dismiss, dismisses Walters's section 2255 motion, and dismisses the motion to expedite as moot.

I.

On June 2, 2014, pursuant to a plea agreement, Walters pleaded guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. See [D.E. 24; 26]. On December 21, 2015, at Walters's sentencing hearing, the court calculated Walters's total offense level to be 33, his criminal history category to be IV, and his advisory guideline range to be 188 to 235 months' imprisonment. See [D.E. 69] 1. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors

under 18 U.S.C. § 3553(a), the court sentenced Walters to 84 months' imprisonment. See [D.E. 68] 2. Walters did not appeal.

On May 4, 2016, Walters filed his section 2255 motion [D.E. 71]. In his motion, Walters claims ineffective assistance of counsel for failing to object at sentencing to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Id. at 4. Walters asks the court to strike the two-level increase under section 2D1.1(b)(1), correct his offense level, and resentence him. See id. at 9.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 320 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the

motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Walters's ineffective-assistance claim, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Walters must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

3

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Id. at 695. When analyzing an ineffectiveness claim, a court may rule based on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Walters's ineffective-assistance claim concerning section 2D1.1(b)(1), Walters cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Thus, the claim fails. Alternatively, the claim fails because the court properly applied the enhancement under section 2D1.1(b)(1) and properly calculated the advisory guideline range. See PSR [D.E. 61] ¶¶ 4–9, 22, 50, 58, 60; United States v. Manigan, 592 F.3d 621, 628–32 (4th Cir. 2016); United States v. McAllister, 272 F.3d 228, 233–34 (4th Cir. 2001); United States v. Harris, 128 F.3d 850, 852–53 (4th Cir. 1997); U.S.S.G. § 2D1.1 cmt. n.11(A). Accordingly, there was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Strickland, 466 U.S. at 689–700.

After reviewing the claim presented in Walters's motion, the court finds that reasonable jurists would not find the court's treatment of Walters's claim debatable or wrong and that the claim deserves no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 75], DISMISSES Walters's section 2255 motion [D.E. 71], and DENIES a certificate of appealability. The court

4

DISMISSES Walters's motion to expedite [D.E. 79] as moot.

SO ORDERED. This 10 day of May 2017.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge